**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JUSTIN SMERBER, ESQ.**
Nevada Bar No. 10761
**KRISTEN MOLLOY, ESQ.**
Nevada Bar No. 14927
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
*j.smerber@bsnv.law*
*k.molloy@bsnv.law*
*Attorneys for Defendant,*
*ALBERTSONS, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL BUSHAR,<br><br>          Plaintiff,<br><br>vs.<br><br>ALBERTSONS, LLC; DOE SECURITY COMPANY; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>          Defendants. | CASE NO.:  2:24-cv-00804-CDS-MDC |

**DEFENDANT, ALBERTSONS, LLC'S MOTION TO AMEND ANSWER TO PLAINTIFF'S COMPLAINT AND ASSERT A THIRD-PARTY COMPLAINT AGAINST BLACKSTONE SECURITY SERVICES OF NEVADA INC**

Defendant, ALBERTSONS, LLC, by and through its undersigned attorney, LEW BRANDON, JR., ESQ., JUSTIN SMERBER, ESQ., and KRISTEN MOLLOY, ESQ., of BRANDON | SMERBER LAW FIRM hereby submits this Motion to Amend its Answer to Plaintiff's Complaint and assert a Third-Party Complaint against Blackstone Security Services of Nevada Inc.

1     This Motion is based upon the following Points and Authorities, together with the papers and pleadings on file herein, and oral arguments at the time of hearing.

    DATED this 4th day of September 2024.

**BRANDON | SMERBER LAW FIRM**

*/s/ Justin W. Smerber, Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JUSTIN SMERBER, ESQ.**
Nevada Bar No. 10761
**KRISTEN MOLLOY, ESQ.**
Nevada Bar No. 14927
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*ALBERTSONS, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This matter arises from an alleged battery that occurred on January 25, 2022. At the time of the incident, Albertsons LLC ("Defendant") contracted with a third-party, Blackstone Security Services of Nevada Inc. ("Blackstone") to provide security services for the subject property. Defendant originally filed its Motion to Amend its Answer and Assert a Third-Party Complaint on May 17, 2024. On May 20, 2024, Plaintiff's counsel reached out via e-mail stating that if a stipulation and order to amend the initial pleadings to bring in Blackstone was prepared, he would sign it and also add Blackstone as a defendant. The Court granted Defendant's Motion on June 3, 2024.

However, for judicial economy and based upon the correspondence received by Plaintiff's counsel, Defendant did not file its Amended Answer and Third-Party Complaint, but instead prepared a Stipulation and Order to Amend Plaintiff's Complaint and Amend Defendant's Answer and Assert a Cross-Claim against Blackstone. The Stipulation and Order was sent to Plaintiff's counsel and Defendant continued to follow up regarding the status of the Amended Complaint. However, Defendant was informed that Plaintiff's counsel's server was down so an Amended Complaint could not be drafted. After Plaintiff's deposition, Defendant asked about the status of the Amended Complaint so the Stipulation and Order could be submitted. It was at this time that Defendant was informed that Plaintiff no longer wished to bring in Blackstone as a direct Defendant. As such, since Plaintiff no longer agrees to bring Blackstone in as a direct defendant, Defendant is respectfully requesting that this Court grant its Motion so that Blackstone can be added as a Third-Party Defendant.

/ / /

## II.

## **FACTS**

Daniel Bushar ("Plaintiff") alleges he was at the Albertsons located at 1760 East Charleston Boulevard, Las Vegas, Nevada when he was attacked by a non-party individual on the subject premises, which caused him severe injuries. On February 6, 2023, Defendant sent its first tender of defense to Blackstone. *See Tender dated February 6, 2023*, attached hereto as **Exhibit A.** A response was received stating that because a lawsuit had not been filed, it was not in a position to accept or deny the tender. *See Response dated March 1, 2024*, attached hereto as **Exhibit B**. Plaintiff filed his Complaint on January 16, 2024, asserting claims against Albertsons and DOE Security Company. Plaintiff alleges negligence for failing to provide adequate security and safety measures as well as respondeat superior and negligent hiring, training, retention, supervision, and policies/procedures. On April 15, 2024, Defendant sent a second tender of defense of this matter to Blackstone. *See Tender dated April 15, 2024*, attached hereto as **Exhibit C.** No response was received.

At the time of the alleged incident, Albertsons hired Blackstone to provide security services for the purpose of deterring undesirable activity, including patrolling the parking lot, perimeter, and interior of the store to assist in deterring undesirable activity and in providing protection to customers, employees, and their assets as well as Albertsons's assets. *See Agreement*, attached hereto as **Exhibit D.** In addition, the Agreement states as follows:

> **4.     Indemnification.** Supplier (including its successors and assigns) will defend, indemnity and hold Customer . . . harmless from and against any and all claims. . ., lawsuits, and judgments (collectively referred to in this section as "**Claims**") which arise or which are alleged to have arisen out of, or in connection with: (a) any alleged or actual acts, failures to act, conduct or presence of Supplier. . . while performing any work or services under this Agreement for Customer irrespective of location. . .

    4.1. . . .Such Claims include, but are not limited to, allegations of . . ., personal or bodily injury. . .

    4.2. Supplier further understands and agrees that its obligations to defend, indemnify and hold Customer harmless against **Claims** applies in the absence of actual or alleged negligence. . .

As such, Defendant respectfully requests that this Court grant it Motion to Amend its Answer and file a Third-Party Complaint against Blackstone. *See Proposed Amended Answer and Third-Party Complaint,* attached hereto as **Exhibit E.**

### III.

### LEGAL ARGUMENT

Federal Rule of Civil Procedure 14(a)(1) states:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

FRCP 14(a)(1).

"FRCP 14(a) was designed to promote judicial economy by eliminating need for defendant to bring separate action against third party who may be secondarily or derivatively liable to defendant for all or part of plaintiff's claim." *Rodolico v. Unisys Corp.*, 189 F.R.D. 245, 163 L.R.R.M. (BNA) 2156, 1999 U.S. Dist. LEXIS 13203 (E.D.N.Y. 1999). Claims for contribution or indemnity may be asserted by way of third party complaint. *In re Oil Spill by Amoco Cadiz etc.*, 491 F. Supp 161 (N.D. Ill. 1979).

Here, at the time of the alleged incident, Albertsons and Blackstone had a contractual agreement that included an indemnification clause in which Blackstone agreed to defend, indemnify, and hold Albertsons harmless from and against any and all claims, including allegations of personal or bodily injury. Albertsons sent two tender letters to Blackstone and to

date, Blackstone has not accepted the tender. As such, Blackstone has failed to indemnify Albertsons pursuant to the Security Services Agreement dated October 6, 2021. Therefore, based upon the agreement between Albertsons and Blackstone, Albertsons respectfully requests that this Court grant its Motion to assert a Third-Party Complaint against Blackstone.

## IV.

## **CONCLUSION**

Based upon the foregoing, Defendant, Albertsons, LLC respectfully requests that this Court grant its Motion.

DATED this 4th day of September 2024.

**BRANDON | SMERBER LAW FIRM**

*/s/ Justin W. Smerber, Esq.*
**LEW BRANDON, JR., ESQ.** Nevada Bar No. 5880
**JUSTIN SMERBER, ESQ.**
Nevada Bar No. 10761
**KRISTEN MOLLOY, ESQ.**
Nevada Bar No. 14927
**BRANDON | SMERBER LAW FIRM** 139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*ALBERTSONS, LLC*

IT IS SO ORDERED. Granted for good cause shown and per LR 7-2(d). Defendant has until October 8, 2024 to file its amended answer and third-party complaint on the docket.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 10/1/24

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on September 4, 2024, I served a true and correct copy of the foregoing **DEFENDANT, ALBERTSONS, LLC'S MOTION TO AMEND ANSWER TO PLAINTIFF'S COMPLAINT AND ASSERT A THIRD-PARTY COMPLAINT AGAINST BLACKSTONE SECURITY SERVICES OF NEVADA INC.** via the Court's electronic filing and service systems to all parties on the current service list.

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**MICHAEL T. NIXON, ESQ.**
Nevada Bar No. 012839
**LADAH LAW FIRM**
517 South Third Street
Las Vegas, Nevada 89101
702-252-0055
Facsimile – 702-256-6280
*Attorneys for Plaintiff,*
*DANIEL BUSHAR*

　　　　　　　　　　　　　　　　　*/s/ Kristine Villeno*
　　　　　　　　　　　　　　　　　An Employee of Brandon | Smerber Law Firm