1  **LEW BRANDON, JR., ESQ.**
   Nevada Bar No. 5880
2  **JUSTIN SMERBER, ESQ.**
   Nevada Bar No. 10761
3  **KRISTEN MOLLOY, ESQ.**
   Nevada Bar No. 14927
4  **BRANDON | SMERBER LAW FIRM**
5  139 E. Warm Springs Road
   Las Vegas, Nevada 89119
6  (702) 380-0007
7  (702) 380-2964 – *facsimile*
   *l.brandon@bsnv.law*
8  *j.smerber@bsnv.law*
   *k.molloy@bsnv.law*
9  *Attorneys for Defendant,*
10 *ALBERTSONS, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL BUSHAR,<br><br>        Plaintiff,<br><br>vs.<br><br>ALBERTSONS, LLC; DOE SECURITY COMPANY; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>        Defendants. | CASE NO.: 2:24-cv-00804-CDS-MDC<br><br>**STIPULATION AND ORDER REGARDING FRCP RULE 35 EXAMINATION OF PLAINTIFF** |
| ALBERTSONS, LLC.,<br><br>        Third-Party Plaintiff,<br><br>vs.<br><br>BLACKSTONE SECURITY SERVICES OF NEVADA INC.; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>        Third-Party Defendant. | |

**STIPULATION AND ORDER REGARDING NRCP RULE 35 EXAMINATION OF PLAINTIFF**

IT IS HEREBY STIPULATED AND AGREED TO by Defendant, ALBERTSONS, LLC, by and through its attorneys of record, LEW BRANDON, JR., ESQ., JUSTIN SMERBER, ESQ., and KRISTEN MOLLOY, ESQ., of BRANDON | SMERBER LAW FIRM and Plaintiff, DANIEL BUSHAR, by and through his attorneys, RAMZY LADAH, ESQ. and MICHAEL NIXON, ESQ. of LADAH LAW FIRM, and Third-Party Defendant BLACKSTONE SECURITY SERVICES OF NEVADA, INC., by and through its attorney VERONICA N. FINK, ESQ. of SPRINGEL & FINK LLP, that the Plaintiff is willing to undergo a defense medical examination with ARI KALECHSTEIN, PH.D., under the stipulated conditions set forth below:

1. The Rule 35 Examination shall be conducted pursuant to FRCP 35 and shall be of the allegations of Traumatic Brain Injury and Post-Traumatic Stress Disorder. The scope of the examination will include testing, discussion and questioning between Dr. Kalechstein and Plaintiff.

2. The examination of Plaintiff, DANIEL BUSHAR shall take place on May 1, 2025, beginning at 11:15 a.m. and ending at 3:15 p.m. and May 2, 2025, beginning at 8:00 a.m. and ending at 12:00 p.m. at Veritext Legal Solutions, 3960 Howard Hughes Parkway, Suite 700, Las Vegas, NV 89169.

3. The clinical interview covers a variety of relevant topics, including background information; the reported circumstances of onset of the alleged mental state injury or injuries; and how those symptoms have unfolded over time to the present, including any other assessments, treatment, or functional impairment. A detailed evaluation of this type is important in differentiating between mental state injuries/complaints that may be pre-existing and not related to the alleged actions of the defendants; injuries/complaints that were pre-existing but

may have been exacerbated by the alleged actions of defendants; injuries/complaints that arose concurrently but unrelated to alleged actions of defendants; complaints that arose as a result of defendants' alleged conduct; complaints that are actually due to substance use or medications; complaints that are due to an underlying general medical disorder; or complaints that arose subsequent to the alleged actions of defendants and were unrelated.

4. Pertinent areas of inquiry regarding plaintiff's background include developmental history, education, employment, social and marital history, legal history, e.g., disability claims, general medical history, mental health history, substance use, and family history. The clinical interview also will elicit from plaintiff a detailed account of the onset and course of his/her mental state problems/impairments related to the alleged conduct of the defendants, culminating in a review of current mental state and physical complaints.

5. Plaintiff also will be administered a battery of neuropsychological tests. The tests are considered to be valid and reliable measures of cognition and emotion, and will assess the following domains: intellectual function, attention/information processing speed, language/academic achievement, visuospatial skills, motoric function, memory for auditory and/or visual information, executive/frontal function, and/or personality/emotional functioning. The specific tests to be administered will be determined once records have been reviewed and the testing has commenced.

6. Plaintiff agrees not to consume any alcohol, marijuana, or narcotics 24 hours prior to or during the examination.

7. No representatives from Defendant, Defendants' insurance company, or defense counsel's office may be present.

8. No other persons shall be present during the examination, other than members of examining physician's staff.

9. With regard to memorializing the Rule 35 examination, it will be digitally recorded in its entirety by Dr. Kalechstein. Additionally, Dr. Kalechstein will take notes during the course of the clinical interview.

10. Plaintiff may voice-record the clinical interview and leave with the recording in his possession.

11. Plaintiff may also voice-record the test administration, but plaintiff must turn over the recording to Dr. Kalechstein at the end of the examination. Dr. Kalechstein will place the recording of the test administration in an envelope, seal it, and have plaintiff sign it. Once a licensed psychologist is identified by your office, Dr. Kalechstein will FedEx the envelope containing plaintiff's voice-recording to that individual.

12. Plaintiff shall not provide medical histories unrelated to the areas of injuries claimed in this lawsuit for which the examiner is examining Plaintiff.

13. Only defense counsel—not Plaintiff—is responsible for providing any and all medical records and/or films to the examiner.

14. The Rule 35 examiner shall not engage in *ex parte* contact with Plaintiff's treating health care providers, with regard to the Plaintiff and/or Plaintiff's conditions.

15. If a report is requested by Defendant, the examiner will accurately report his findings and test results.

16. The examiner may ask factual questions regarding the mechanism of injury, including how Plaintiff was injured, and the nature of the incident, but may not ask or include information about liability or responsibility for the subject incident.

17. The examiner shall retain all handwritten notes, dictated recordings, emails, correspondence, reports, including revisions, as well as all documents generated and received related to the examination.

18. All tests, exams and other materials, such as radiographs, test results, other physicians' reports, used by the examining physician to form his or her opinions/conclusions shall be listed in the report.

19. Any examination or test that is painful to the examinee shall not be conducted.

20. The examiner shall not perform any tests that penetrate or break the skin or any tissues of the examinee.

21. Any paperwork the examiner requires the examinee to complete shall be provided to Plaintiff's counsel for the examinee at least seven (7) days before the scheduled exam. The examinee shall sign in on the doctor's sign-in sheet upon arrival, but Plaintiff will complete no other paperwork at the doctor's office.

/ / /

/ / /

/ / /

22. The examinee will provide the completed paperwork to defense counsel at least two (2) days prior to the scheduled exam date.

**IT IS SO STIPULATED.**

DATED this 28th day of April 2025.                                              DATED this 28th day of April 2025.

**BRANDON | SMERBER LAW FIRM**                                         **LADAH LAW FIRM**

*/s/ Kristen Molloy, Esq.*                                                                  */s/ Michael T. Nixon, Esq.*
**LEW BRANDON, JR., ESQ.**                                                     **RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 5880                                                                      Nevada Bar No. 11405
**JUSTIN SMERBER, ESQ.**                                                          **MICHAEL T. NIXON, ESQ.**
Nevada Bar No. 10761                                                                    Nevada Bar No. 012839
**KRISTEN MOLLOY, ESQ.**                                                          517 South Third Street
Nevada Bar No. 14927                                                                    Las Vegas, Nevada 89101
139 E. Warm Springs Road                                                             702-252-0055
Las Vegas, Nevada 89119                                                               Facsimile – 702-256-6280
*Attorneys for Defendant/Third-*                                                    *Attorneys for Plaintiff,*
*Party Plaintiff ALBERTSONS, LLC*                                             *DANIEL BUSHAR*

DATED this 28th day of April 2025.

**SPRINGEL & FINK LLP**

*/s/ Veronica Fink, Esq.*
**LEONARD T. FINK, ESQ.**
Nevada Bar No. 6296
**VERONICA N. FINK, ESQ.**
Nevada Bar No. 14516
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148
*Attorneys for Third-Party Defendant,*
*BLACKSTONE SECURITY SERVICES OF*
*NEVADA, INC.*

## ORDER

**IT IS SO ORDERED**

Dated this 29th day of April, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge