**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL BUSHAR,

               Plaintiff,

vs.

ALBERTSONS LLC; DOE SECURITY COMPANY; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,

               Defendants.

AND RELATED MATTERS

**CASE NO.  2:24-cv-00804-CDS-MDC**

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERTS (ECF No. 60)**

Before the Court is Plaintiff's *Motion to Strike Improperly Disclosed Rebuttal Experts* (ECF No. 60)("Motion").  By his Motion, plaintiff Daniel Bushar ("Plaintiff") requests the Court strike defendants' rebuttal expert reports by Dr. Saman Hazany ("Hazany") and Dr. Thomas Kinsora ("Kinsora").  For the reasons below, the Court **DENIES in part and GRANTS in part** the Motion.

**<u>DISCUSSION</u>**

**I.     BACKGROUND**

Plaintiff brought this action against defendant/third-party plaintiff Albertsons, LLC ("Albertsons") for personal injuries he allegedly suffered when he was assaulted by an unnamed party at Albertson's grocery store.  In turn, Albertson's asserted third-party claims against Blackstone Security Services of Nevada, Inc. ("Blackstone"), whom Albertsons hired to provide security at the grocery store in question.  Relevant to the issues raised by the Motion, Plaintiff claims that he suffered traumatic brain injury as a result of the incident. Plaintiff raised his alleged brain injury and resulting cognitive deficits in his May 7, 2024, initial disclosures.

In the first round of expert disclosures, both plaintiff and defendants disclosed neuropsychologists as initial experts on August 20, 2025, the original deadline for initial disclosures.

1

Plaintiff disclosed neuropsychologist Dr. James Loong ("Loong") and Albertsons and Blackstone jointly disclosed neuropsychologist Ari Kalechstein ("Kalechstein"). The parties subsequently agreed to extend expert disclosure deadlines, including extending the initial expert disclosure deadline to October 6, 2025, and rebuttal expert disclosure deadline to November 20, 2025. On October 6, 2025, plaintiff disclosed Neuroradiologist Travis Snyder, M.D. as an additional initial expert. Neither Albertsons nor Blackstone disclosed any additional initial experts on October 6, 2025. On November 20, 2025, defendants disclosed Neuroradiologist Dr. Saman Hazany ("Hazany") and Neuropsychologist Thomas Kinsora ("Kinsora") as rebuttal experts. Defendants identified Dr. Hazany as a rebuttal expert to Dr. Snyder and Dr. Kinsora as rebuttal to Dr. Loong. Dr. Hazany, however, did not provide a substantive expert report until November 23, 2025.

Plaintiff moves to strike Dr. Hazany and Dr. Kinsora, together with their reports, because Plaintiff contends these experts offer new opinions and conclusions and do not just rebut the opinions of his initial experts, Dr. Loong and Dr. Snyder. Plaintiff also argues that defendants should have disclosed Dr. Hazany and Dr. Kinsora as initial experts because they both offer opinions relative to defendants' case-in-chief.

## II.   GENERAL LEGAL STANDARDS

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) permits rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. A rebuttal expert report "is not the proper place for presenting new arguments." *Downs v. River City Grp., LLC*, Case No. 3:11-cv-00885-LRH, 2014 WL 814303, at *2 (D. Nev. Feb. 28, 2014). Instead, "[r]ebuttal expert reports necessitate a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their responsive reports." *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev.

July 18, 2011) (internal citation omitted). Rebuttal reports, therefore, "are proper if they contradict or rebut the subject matter of the affirmative expert report." *Id*. (internal citation omitted). Otherwise, such opinions are considered improper affirmative opinions that should have been disclosed by the initial expert deadline. *See Benkirane v. Am. Fam. Connect Prop. & Cas. Ins. Co*., No. 2:20-CV-01451-JCM-EJY, 2022 WL 225266, at \*4 (D. Nev. Jan. 25, 2022).  Courts will not strike experts and their reports where the failure to comply with the disclosure rules was substantially justified or harmless. See FED R. CIV. P. 37(c)(1). Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to comply with the rules is not permitted to use that information "unless the failure was substantially justified or harmless." In determining whether the error was substantially justified or harmless, the Court considers several factors, including: (1) prejudice or surprise to the party against whom the evidence is offered, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) bad faith or willfulness in not timely disclosing the evidence. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022).

## III.    ANALYSIS

### A.    Dr. Hazany Is Proper Rebuttal Expert

The Court reviewed and compared Dr. Snyder's report and Dr. Hazany's November 23, 2025 report and finds that Dr. Hazany's report is a rebuttal to Dr. Snyder.  The Court further finds that defendants' untimely disclosure of Dr. Hazany's report was substantially justified and harmless.

Among other things, Plaintiff's initial expert, Dr. Snyder, offered various medical opinions interpreting two imaging studies performed on Plaintiff. The first study were computed tomography scans ("CT") of Plaintiff's cervical spine images taken on January 26, 2022 ("01/26/22 CT Study").  The second study were magnetic resonance imaging ("MRI") pictures of Plaintiff's brain taken on February 17, 2022 ("02/17/22 MRI Study").   Dr. Hazany's report is limited to the 01/26/22 CT Study and

02/17/22 MRI Study, which were not produced to defendants until November 2025.  Dr. Hazany's report states his disagreement with Dr. Snyder's interpretations and opinions and provides his interpretations and opinions for contradicting Dr. Snyder.  Thus, Dr. Hazany's report is a proper rebuttal to Dr. Snyder's report.

The Court also finds that defendants' disclosure of Dr. Hazany's report after the November 20, 2025, rebuttal expert deadline was substantially justified and harmless.  Although Plaintiff identified the existence of the 01/26/22 CT Study and 02/17/22 MRI Study in its May 2024 initial disclosures, the actual images were not ultimately disclosed to defendants until November 2025.  Moreover, during the hearing on Plaintiff's Motion, the parties informed the Court that, on April 24, 2026, Plaintiff disclosed a sur-rebuttal report by Dr. Snyder responding to Dr. Hazany's opinions and interpretation.  Thus, defendants have established that the disclosure was justified and harmless. Accordingly, the Court will not strike Dr. Hazany or his November 23, 2025 report.

**B.      Dr. Kinsora's Is Largely A Proper Rebuttal Expert Report**

Plaintiff argues that Dr. Kinsora put forward "new theories outside the scope" of Dr. Loong's report, including "alternative theories of causation for Plaintiff's symptoms."  *ECF No.60 at 16.* Plaintiff claims that Dr. Kinsora offers new theories because his opinions are based on plaintiff's anticipated case in chief.  *Id.* However, plaintiff does not actually and persuasively show specific theories offered by Dr. Kinsora that are "new" and how or why they are new.  *See ECF Nos. 60 & 65.* Thus, Plaintiff failed to establish that Dr. Kinsora's report should be struck because it offers new opinions. *See Downs*, 2014 WL 814303, at *2.

Instead, Plaintiff's principally argues that Dr. Kinsora's opinions are new because they go towards establishing Defendant's case-in-chief, which Plaintiff claims consists of, among other things, whether plaintiff suffered traumatic brain injury.  Plaintiff, however, offers no authority for the

proposition that a defendant's negligence case-in-chief includes establishing that plaintiff suffered no injuries.   As recognized in this district, one of elements that plaintiffs must establish in their case-in-chief is that they were injured. "The elements of a negligence claim under Nevada law are: (1) that defendant owed plaintiff a duty of care; (2) that defendant breached that duty of care; (3) the breach was the actual cause of plaintiff's injury; (4) the breach was the proximate cause of plaintiff's injury; and (5) that plaintiff suffered damages." *Kusmirek v. MGM Grand Hotel, Inc.,* 73 F. Supp. 2d 1222, 1224 (D. Nev. 1999), *aff'd*, 7 F. App'x 734 (9th Cir. 2001)(citing *Perez v. Las Vegas Medical Center,* 107 Nev. 1, 4, 805 P.2d 589 (1991). "Plaintiff bears the burden of proof…. and she must produce admissible evidence in her case in chief as to every factor in her negligence claim." *Morin v. United States*, 534 F. Supp. 2d 1179, 1190 (D. Nev. 2005), *aff'd*, 244 F. App'x 142 (9th Cir. 2007).

Plaintiff argues that Dr. Kinsora's opinions should be considered case-in-chief because Plaintiff disclosed Dr. Loong's records two months before the initial expert disclosure and thus, defendants should have disclosed Dr. Kinsora as an initial expert opining regarding the contents of Dr. Loong's medical records.   Plaintiff's argument is not persuasive and does not support striking Dr. Kinsora's report.  Even if defendants, assuming *arguendo,* defendants had case-in-chief burden here,  "the fact that testimony would have been more proper for the case-in-chief does not preclude the testimony if it is proper both in the case-in-chief and in rebuttal." *Donell*, 2012 WL 170990 at *5 (*quoting United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir.1980)).  That said, the Court finds Dr. Kinsora's report is largely proper rebuttal.  Moreover, Dr. Loong's actual expert opinions, methodologies, and diagnoses were not disclosed until Plaintiff disclosed his initial expert report. *See ECF No. 62 at 12.*   "A rebuttal expert witness may only testify after the opposing party's initial expert witness testifies." *Donell*, 2012 WL 170990 at *5 (citing *Linder v. MeadowGold Dairies, Inc.*, 249 F.R.D. 625, 636 (D.Haw.2008)).

The Court also finds that Dr. Kinsora's report is largely a proper rebuttal to Dr. Loong's report. A rebuttal expert report is properly disclosed when it challenges the evidence or theory of an opponent. *Donell*, 2012 WL 170990, at \*4.  More fully stated, "[t]he purpose of rebuttal testimony is to explain, repel, counteract or disprove evidence of an adverse party ... Or stated a bit differently, [t]he proper function of rebuttal evidence is to contradict, impeach or diffuse the impact of evidence offered by an adverse party." *Donell*, 2012 WL 170990, at \*4.  The Court reviewed and compared the reports of Dr. Kinsora and Dr. Loong and finds that Dr. Kinsora's expert report substantively rebuts the Dr. Loong's report.  Dr. Kinsora's report mostly explains, repels, and counteracts conclusions and opinions reached by Dr. Loong.  In sum, Dr. Loong's opines that Plaintiff's clinical profile is consistent with his traumatic brain injury diagnosis and further concludes that Plaintiff suffers from Post-Traumatic Stress Disorder (*see ECF No. 60-4).*  Among other things, Dr. Loong supports his conclusions and opinions with a discussion of various clinical tests and assessments completed by Plaintiff.

In his report, Dr. Kinsora directly contradicts Dr. Loong and immediately offers his opposing opinion that "there is absolutely no evidence that Mr. Bushar meets criteria for the diagnosis of mild traumatic brain injury using currently accepted diagnostic criteria." *ECF No. 60-9 at p. 5.* Dr. Kinsora then provides narrative of facts, analysis, and conclusions supporting his conclusions opposing those of Dr. Loong.  Dr. Kinsora's report consists of answering seven questions he claims are raised by Dr. Loong's report and conclusions. In answering most of those questions, Dr. Kinsora repels Dr. Loong's conclusions, methodologies, tests, assessments, and data.  Dr. Kinsora also challenges Dr. Loong's conclusions and methodologies.  For example, Dr. Kinsora claims that Dr. Loong failed to recognize real world patterns of performance in his evaluations and challenges Dr. Loong's post traumatic amnesia diagnosis.  Dr. Kinsora also points out that Dr. Loong failed to consider factors such as Plaintiff's alcohol use, two possible brain injuries prior to the incident, and THC use.

### C.       Dr. Kinsora's New Arguments

Dr. Kinsora's report, however, is not entirely appropriate rebuttal because he includes various new arguments.  First, Dr. Kinsora's opinion regarding the consistency of Plaintiff's claimed chronic cognitive symptoms relative to severity of injury is a new argument and not rebuttal.  This new opinion is stated in Dr. Kinsora's response to his second question posed in his report (*ECF No. 60-9 at 8*).  Dr. Kinsora's opinion presents new arguments because his conclusion that Plaintiff's symptoms are not consistent with the severity of his injury is primarily based on his challenge to the opinions and diagnoses of Dr. Jannet E. Baumann.  Plaintiff did not disclose any initial expert report from Dr. Baumann and produced her treatment records back in May 2024.  While Dr. Loong reviewed records of Dr. Baumann in preparing his expert report, and summarizes some of her records in his report, he does not offer an opinion of Dr. Baumann's diagnoses.  Nor does Dr. Loong's opinion manifest any substantive discussion or analysis of Dr. Baumann's diagnoses.  Thus, Dr. Kinsora's opinions about Plaintiff's symptoms vis-à-vis his injury in answering his second question are improper new arguments and not rebuttal. *See Downs*, 2014 WL 814303, at *2.

Second, Dr. Kinsora's challenges and criticisms of Dr. Sherif Al Hawarey are not rebuttal arguments, but new arguments which should have been presented in an initial expert report.   Dr. Kinsora's opinions regarding Dr. Hawarey are stated in portions of Dr. Kinsora's responses to his first and fifth questions posed in his report (*ECF No. 60-9 at 7 & 14*).  Plaintiff did not disclose any initial expert report from Dr. Hawarey.  While Dr. Loong also reviewed records of Dr. Hawarey in preparing his expert report and provides a summary of those records in his report, he does not offer any opinion about Dr. Hawarey's diagnoses, which Dr. Kinsora does.  Thus, Dr. Kinsora's opinions regarding Dr. Hawarey diagnoses and conclusions in answering portions of his first and fifth question are new arguments and not rebuttal.  *See Downs*, 2014 WL 814303, at *2.

Finally, Dr. Kinsora's opinion regarding Plaintiff's post injury treatment is not rebuttal. This opinion is stated in response Dr. Kinsora's sixth question in his report which posits whether Plaintiff "received reasonable and necessary treatment after his injury." At the hearing on Plaintiff's Motion, defendants conceded that Dr. Loong offered no opinion regarding the reasonableness or necessity of Plaintiff's treatment after his injury. Thus, Dr. Kinsora's opinion on that topic presents "new arguments" and therefore, not proper rebuttal opinion. *See Downs*, 2014 WL 814303, at *2.

### i.    Appropriate Remedy

Arriving at the appropriate remedy is complicated. On the one hand, FRCP 37(c)(1) is meant to "give[] teeth" to the expert disclosure requirements of FRCP 26(a). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). That generally means the sanction for failure to properly disclose an expert is exclusion, which is theoretically "self-executing" under Rule 37. *Id.,* 259 F.3d at 1107. However, exclusion is neither automatic nor fixed. FRCP 37(c)(1) provides some wiggle room admission where failure to comply with expert disclosures is substantially justified or harmless. *Id., see also Yeti by Molly, Ltd.*, 259 F.3d at 1106.

Thus, the issue here is whether defendants' failure to disclose Dr. Kinsora's opinions regarding the diagnoses of Doctors Baumann and Hawarey, or about Plaintiff's cognitive symptoms relative to severity of injury in an initial expert report was "substantially justified or harmless." *FRCP 37(c)(1).* The defendants have the burden to establish substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)("Deckers asserts that the burden of proving harm is on the party seeking sanctions; we disagree. Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Such burden requires consideration of: (1) the prejudice or surprise to the party against whom the evidence is offered, (2) the ability of that party to

cure the prejudice, (3) the likelihood of disruption of trial, and (4) bad faith or willfulness in not timely disclosing the evidence. *Liberty Ins. Corp.*, 41 F.4th at 1192.

There is nothing from the parties' briefs or the record to show that defendants acted in bad faith. Defendants argue the prejudice to Plaintiff can be cured without a disruption to the trial. Specifically, defendants state that the parties agreed to continue the discovery deadline until May 7, 2026, to allow for expert witness discovery, including depositions of multiple expert witnesses. Defendants also argue that the trial has not been set and thus, the extension of such expert discovery does not disrupt the trial. Plaintiff argues that it has been prejudiced because defendants' experts crafted their opinions with the benefit of forcing Plaintiff to show his hand by disclosing its expert opinions first. The Court recognizes that such prejudice resulted, but is persuaded that the prejudice may be cured, and has been cured in other circumstances (e.g., plaintiff's surrebuttal expert report to address Dr. Hazany's opinions).

While discovery closed May 7, 2026, neither the dispositive motion nor joint pretrial order deadlines has passed. Thus, an opportunity exists to further extend discovery to allow Plaintiff to pursue curative measures, including offering surrebuttal expert reports to respond to Dr. Kinsora's new arguments. The Court, however, recognizes that pursuing such curative measures comes at a cost, which is necessarily another prejudice to Plaintiff.

The Court not only has discretion when imposing discovery sanctions but is given "particularly wide latitude… to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd.,* 259 F.3d at 1106. Having considered the *Liberty Ins. Corp.* factors and exercising its wide discretion, the Court sanctions defendants as follows:

(1) Discovery is extended for a reasonable period to allow Plaintiff to serve surrebuttal expert report or reports responding to Dr. Kinsora's opinions regarding the diagnoses of Doctors Baumann and Hawarey, or about Plaintiff's cognitive symptoms relative to severity of injury in an initial

expert report, identified in Section II.C. herein.  The parties shall meet and confer in good faith to determine a reasonable discovery extension, new dispositive motion and joint pretrial order deadlines, and file *Stipulation* with such new deadlines by **May 26 2026**;

      (2)    Defendants shall pay Plaintiff the reasonable costs and fees incurred by Plaintiff for the surrebuttal reports to Dr. Kinsora's new opinions; and

      (3)    Defendants shall not make any further expert disclosures, including any expert reports responding to any of Plaintiff's surrebuttal reports to Dr. Kinsora or Dr. Hazany.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintif's Motion (ECF No. 60) is **DENIED** in part and **GRANTED** in part as set forth herein.

**IT IS FURTHER ORDERED** that:

(1) Discovery is extended for a reasonable period to allow Plaintiff to serve surrebuttal expert report or reports responding to Dr. Kinsora's opinions regarding the diagnoses of Doctors Baumann and Hawarey, or about Plaintiff's cognitive symptoms relative to severity of injury in an initial expert report, identified in Section II.C. herein.  The parties shall meet and confer in good faith to determine a reasonable discovery extension, new dispositive motion and joint pretrial order deadlines, and file *Stipulation* with such new deadlines by **May 26 2026**;

(2)     Defendants shall pay Plaintiff the reasonable costs and fees incurred by Plaintiff for the surrebuttal reports to Dr. Kinsora's new opinions; and

(3)     Defendants shall not make any further expert disclosures, including any expert reports responding to any of Plaintiff's surrebuttal reports to Dr. Kinsora or Dr. Hazany.

DATED: May 13, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge